UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWEY KINGSLEY-EL,

       Plaintiff,

                                          Case number 06-10242

v.                                      Honorable Julian Abele Cook, Jr.

WELLS FARGO BANK MINNESOTA, et al.,

       Defendants.

_____

ORDER

      On January 18, 2006, the Plaintiff, Dewey Kingsley-El, acting without the benefit of counsel, filed this law suit, in which he accused the Defendants, Wells Fargo Bank Minnesota, N.A., et al,[1] of committing a variety of profoundly vague and unspecified violations of the law. On February 8, 2006, four of the Defendants (Wells Fargo Bank Minnesota N.A., Orlans Associates, P.C., Frederick Coleman and Amy Flannery) filed a motion, seeking a dismissal of the Plaintiff's claims against them in  this litigation pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 23, 2006, he filed a pleading which purportedly represents his response to their dispositive motion.

      A few days later (March 28, 2006), four other Defendants (Wayne County, Bernard J. Youngblood, Warren Evans, and Adrienne Sanders) filed a similar dispositive motion, each of

_____

[1]Wells Fargo Bank Minnesota, N.A., Orlans Associates, P.C., Federick J. Coleman, Amy Flannery, Wayne County, Bernard J. Youngblood (Wayne County Register of Deeds), Warren Evans (Wayne County Sheriff), Adrienne Sanders (Wayne County Sheriff's Deputy), Wayne County Third Circuit Court, Wayne County Circuit Court Administrator, Wayne County Thirty-Sixth District Court, and Trudy Duncombe-Archer.

them seeking a dismissal of the Plaintiff's pending claims in this action.[2] On April 19, 2006, he filed a pleading which purportedly expresses his opposition to the motion by these Defendants.

Finally, on April 28, 2006, the remaining four Defendants (Wayne County Third Circuit Court, Wayne County Circuit Court Administrator, Wayne County Thirty-Sixth District Court, and Trudy Duncombe-Archer) filed their own dispositive motion, claiming that the Plaintiff's claims against them are barred under the sovereign immunity doctrine. As of this date, the Court has not received any opposition pleading from the Plaintiff to this motion.

## II.

Under Federal Rule of Civil Procedure 12(b)(6), a party may test whether a cause of action has been adequately pled in the Complaint. If such a dispositive request is made to the Court, the allegations by the Plaintiff must be construed liberally in his favor and, for the purposes of the motion, accepted as being true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). At the same time, any legal conclusions or unwarranted factual inferences must not be assumed. *See Morgan*, 829 F.2d at 12; *Westlake*, 537 F.2d at 858.

## III.

Upon a thorough review of the Plaintiff's charges against the Defendants, all of which are extremely difficult to comprehend because of their vagueness and excessive generalities, the Court concludes that he has failed to set forth any legally sufficient set of facts or theories that would warrant a rejection of the Defendants' motions for dismissal. *See* Fed. R. Civ. P.

---

[2]The Defendants contend that "[Dewey-El's] Complaint amount to nothing more than a series of unorganized, unintelligible, and unsupported allegations[.]"

2

12(b)(6); *Great Seal Moorish Science Temple of Am., Inc. v. New Jersey*, 2005 WL 2396311, at

*1 (E.D. Pa.) (dismissing plaintiffs' complaint with prejudice where "the [c]omplaint makes no

logical sense, inasmuch as it is a random rendition bordering on a mish-mosh of legalese turned

into meaningless meanderings.").   Accordingly, the Plaintiff's claims against each  of the

Defendants must be, and are, dismissed with prejudice.


IT IS SO ORDERED.


Dated:      June 22, 2006                        s/ Julian Abele Cook, Jr.
            Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                                 United States District Court Judge



Certificate of Service

I hereby certify that on June 22, 2006,  I electronically filed the foregoing with the Clerk of the
Court using the ECF system, and I further certify that I mailed a copy to the non-ECF
participant(s).

                                                 s/ Kay Alford
                                                 Courtroom Deputy Clerk